Filed 4/22/25  P. v. Shepard CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101542 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F04789) |
| v. | |
| MALCOLM SHEPARD, | |
| Defendant and Appellant. | |

Defendant Malcom Shepard appeals the trial court's denial of his second petition for resentencing under Penal Code section 1172.6.[1]  Specifically, he disagrees with the

---

[1] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to become section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Although defendant filed his petitions under former section 1170.95, we cite to the current section number throughout this opinion.

Undesignated statutory references are to the Penal Code.

1

trial court's determination that issue preclusion prevented him from challenging the court's previous determination that he was ineligible for relief as the actual killer. Defendant's appellate counsel filed a brief asking this court to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Defendant has filed a supplemental brief arguing for an exception to issue preclusion and that the record of conviction does not establish his ineligibility for relief. We will affirm.

## I. BACKGROUND

### A. Defendant's Conviction by Jury

On June 19, 2007, a jury found defendant guilty of first degree murder (§ 187, subd. (a)) and found true the allegations that the murder was committed during the commission or attempted commission of a robbery (§ 190.2, subd. (a)(17)(A)), that defendant intentionally and personally discharged a firearm causing death (§ 12022.53, subd. (d)), and that a principal in the crime was armed with a firearm (§ 12022, subd. (a)(1)). The trial court sentenced him to an aggregate prison term of life without the possibility of parole plus 25 years to life. We affirmed his conviction on appeal. (*People v. Shepard* (Sept. 10, 2009, C057177) [nonpub. opn.].)

### B. Defendant's First Section 1172.6 Petition

On March 3, 2021, defendant filed a form petition for resentencing under section 1172.6 (hereinafter defendant's first petition). The People opposed defendant's first petition arguing in pertinent part that he was ineligible for relief as the actual killer. Neither defendant's first petition, nor his reply brief in support thereof averred that he was not the actual killer. Rather, defendant's reply brief acknowledged he did "not necessarily fall within the scope" of section 1172.6 and asked the court to treat defendant's first petition "as a petition for any and all possible relief under any and all

2

possible interpretations and/or applications of the present law" in light of defendant's "very positive and rehabilitative conduct."

The trial court denied defendant's first petition at the prima facie stage, finding the jury's determination that defendant "intentionally and personally discharged a firearm causing the victim's death[] (§ 12022.53, subd. (d)[])" established that defendant was the actual killer. Defendant did not appeal this decision.

C.      *Defendant's Second Section 1172.6 Petition*

On September 1, 2022, defendant filed another petition for resentencing (hereinafter defendant's second petition), and the trial court appointed counsel and ordered briefing.

The People opposed defendant's second petition, arguing the petition was successive and barred by issue preclusion. The People alternatively argued the jury's instructions and findings established defendant was ineligible for relief as a matter of law because he was the actual killer.

Defendant's reply brief argued for the application of an exception to issue preclusion based upon the evolving caselaw and his claimed ineffective assistance of counsel received during his first petition. On the merits, defendant contended the jury instructions did not conclusively establish that he was the actual killer or had the requisite mental state for direct aiding and abetting malice murder.

The trial court issued a tentative decision finding defendant's second petition was barred by issue preclusion as set forth in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). The court explained, issue preclusion prohibits relitigation of issues argued and decided in prior proceedings if the issue sought to be precluded is identical to the one decided in a former proceeding; the issue was actually litigated and necessarily decided in the former proceeding; the decision in the former proceeding is final and on the merits; and the party against whom preclusion is sought is the same as or in privity with the party to the former

3

proceeding. (*Id.* at p. 716.) Issue preclusion would not apply if there was a significant change in the law that justified a reexamination of the issue. (*Id*. at p. 717.)

Applying this law to defendant's case, both of defendant's petitions sought the same relief on the same basis. In defendant's first petition, the trial court determined that the record of conviction conclusively established defendant was the actual killer and denied the petition on that basis. Defendant did not appeal this decision, which was final. Moreover, while case law concerning section 1172.6 was evolving, defendant had not provided, nor was the court aware of authority granting section 1172.6 relief to actual killers.

Finally, the trial court alternatively found the record of conviction—specifically the jury instruction and finding related to defendant's personal and intentional discharge of a firearm causing death enhancement—conclusively established that defendant was the actual killer and ineligible for relief on that basis.

At the prima facie hearing on June 14, 2024, the trial court adopted its tentative decision and denied defendant's second petition. Defendant timely appealed.

## II. DISCUSSION

Because defendant appeals from a postconviction ruling, the procedures set forth in *Wende, supra*, 25 Cal.3d 436 do not apply. (*Delgadillo, supra*, 14 Cal.5th at pp. 226, 231.) Nevertheless, our Supreme Court has directed that, when a defendant files a supplemental brief in a postconviction appeal where appointed counsel finds no arguable issues, we must "evaluate the specific arguments presented in that brief," but need not conduct an independent review of the entire record. (*Id*. at p. 232.)

Defendant raises two issues for this court's consideration in his supplemental brief. First, he asserts defendant's second petition is not precluded "due to changes in law [and] amendments made to [sections] 188 [and]189." We understand this argument to assert that an exception to issue preclusion should apply because the law has changed since the trial court's first decision.

4

Second, defendant argues the section 12022.53, subdivision (d) enhancement did not conclusively establish that he was the actual killer or acted with the requisite mental state for murder. He posits the jury instructions required the jury to determine: (1) that he personally and intentionally shot a firearm, and (2) his *act* was the cause of the victim's death. Thus, defendant reasons the instructions did not require the jury to determine that his shot caused the victim's death. Rather, the jury could have used his being a major participant or planner of the robbery as the pertinent *act*. As such, defendant concludes the jury's finding for this enhancement did not establish he was the actual killer and/or acted with "malice aforethought."

Regarding defendant's first argument, it is well-settled that an exception to the application of issue preclusion exists if "there has been a significant change in the law since the factual findings were rendered" and that change "warrants reexamination of the issue." (*Strong, supra*, 13 Cal.5th at p. 716.) "This exception ensures basic fairness by allowing for relitigation where 'the change in the law [is] such that preclusion would result in manifestly inequitable administration of the laws.' " (*Id*. at p. 717.) However, this exception only applies to a significant change in the law impacting the determination of a relevant issue. (*Id*. at pp. 717-718.)

Here, the relevant issue was whether defendant was ineligible for relief as the actual killer. The unavailability of section 1172.6 relief to actual killers is well established and has not changed. (*Delgadillo, supra*, 14 Cal.5th at p. 233; see also *People v. Patton* (2025) 17 Cal.5th 549, 563-564 [preliminary hearing transcript may be used to refute conclusory allegations of defendant's entitlement to relief by establishing that Patton was prosecuted as the actual attempted killer].) Accordingly, defendant has not established a change in law that would warrant nonapplication of issue preclusion to his status as an actual killer.

In light of this conclusion, we do not reach defendant's second argument challenging whether the jury instructions and verdict established on the merits that he was the actual killer and/or acted with malice.

### III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6